UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CARLOS SAUZO,**<br><br>        **Petitioner,**<br><br>   v.<br><br>**WARDEN THOMPSON,**<br><br>        **Respondent.** | Case No. 24–cv–04545–ESK<br><br>OPINION |

**KIEL, U.S.D.J.**

    **THIS MATTER** comes before the Court on petitioner Carlos Sauzo's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Petition) arguing that the Bureau of Prisons (Bureau) failed to award him good time credits pursuant to the First Step Act (Act). (ECF No. 1.) Respondent Warden Thompson opposes the Petition. (ECF No. 6.) For the following reasons, I will deny the Petition.

    **I.    FACTS AND PROCEDURAL HISTORY**

    Petitioner is originally from the Dominican Republic. (ECF No. 6–7 p. 1.) He pleaded guilty to heroin trafficking in the Suffolk Superior Court in Massachusetts on July 23, 2013 under the name Miguel Antonio Rivera. (ECF No. 6–2 p. 4.) He was sentenced to three-and-a-half years and one day. (*Id.*) On November 4, 2016, petitioner received a 120-month sentence for conspiracy to possess with intent to distribute heroin in the United States District Court for the Western District of Texas. (ECF No. 6–4 p. 2.) Petitioner's judgment of conviction includes the aliases Felix Manuel Negron, Miguel Rivera, Felix Antonio Negron, Jr., Carlos Emilio Saurzo-Martinez, Carlos Suaso-Martinez, Miguel Antonio Rivera, Felix Negron, and Miguel Antonio Rivera, Jr. *United States v. Sauzo*, No. 5:14–cr–00071 (W.D. Tex. Nov. 8, 2016) (ECF No. 464 p. 1.)

His projected release date from Bureau custody is December 16, 2024. (ECF No. 6–4 p. 2.)

On March 24, 2015, the Department of Homeland Security (Department) issued a final order of removal (Removal Order) to petitioner pursuant to the Immigration and Nationality Act based on his aggravated felony conviction. (ECF No. 6–7 p. 1); 8 U.S.C. § 1227(a)(2)(A)(iii). The Removal Order is issued to "Carlos Suazo Martinez, aka Miguel Antonio Rivera and Felix Negron." (ECF No. 6–7 p. 1).

Petitioner filed his Petition on April 4, 2024 while confined in Fort Dix Federal Correctional Institution (Fort Dix). (ECF No. 1.) He argues that the Bureau erroneously determined that he was ineligible to earn good time credits due to defects in the Removal Order. (*Id.* p. 2.) He argues that the Removal Order is invalid because it was signed by a "field officer" instead of an Article III or immigration judge and because it was issued before he was sentenced in the Western District of Texas. (*Id.* p. 6.)

Respondent opposes the Petition, arguing that it should be dismissed because petitioner failed to exhaust his administrative remedies. (ECF No. 6 p. 10.) Alternatively, respondent argues that the Petition is meritless because the Act excludes prisoners with final removal orders from earning good time credits. (*Id.* p. 13.) Petitioner did not file a reply.

## II.  LEGAL STANDARD

Title 28, Section 2243 of the United States Code provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *see also Muhammad v. Close*, 540 U.S. 749 (2004).

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition must be construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002).

### III. DISCUSSION

"Although there is no statutory exhaustion requirement attached to § 2241," the Third Circuit has "consistently applied an exhaustion requirement to claims brought under § 2241." *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). "Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review." *Rodriguez v. Sage*, No. 1:22–cv–2053, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (citing *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996)). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761–62. However, "a prisoner need not exhaust administrative remedies where the issue presented involves only statutory construction … ." *Vasquez v. Strada*, 684 F.3d 431, 433–34 (3d Cir. 2012). I need not decide whether petitioner was required to exhaust his claims because they are subject to dismissal on the merits.

Under the Act, federal prisoners who meet certain criteria are entitled to earn a maximum of 365 days of good conduct credits to be applied towards early supervised release. 18 U.S.C. § 3632(d)(4). The statute explicitly states that

3

a prisoner "is ineligible to apply time credits [to reduce his sentence] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). Petitioner has a final Removal Order. (ECF No. 6–7 p. 1) Therefore, the plain text of the Act prohibits him from earning time credits.

The Court lacks jurisdiction pursuant to § 2241 to decide petitioner's challenge to the validity of his Removal Order. "[T]he Illegal Immigration Reform and Immigrant Responsibility Act of 1996 … authorizes noncitizens to obtain direct 'review of a final order of removal' in a court of appeals." *Nasrallah v. Barr*, 590 U.S. 573, 579 (2020) (quoting 8 U.S.C. § 1252(a)(1)). "[A] 'final order of removal' is a final order 'concluding that the alien is deportable or ordering deportation.'" *Id.* (quoting 8 U.S.C. § 1101(a)(47)(A)). Additionally, the REAL ID Act, Pub. L. No. 10943, 119 Stat. 231 (2005), "clarified that final orders of removal may not be reviewed in district courts, even via habeas corpus … ." *Id.* at 580. "[A] petition for review filed with an appropriate court of appeals … shall be the sole and exclusive means for judicial review of an order of removal" and "includes all matters on which the validity of the final order is contingent."  8 U.S.C. § 1252(a)(5); *Nasrallah*, 590 U.S. at 582 (internal quotation marks omitted).

I find that the plain text of the Act prohibits petitioner from earning good time credits and that I do not have jurisdiction pursuant to § 2241 to consider petitioner's challenge to the validity of the Removal Order.  Therefore, I will deny the Petition.

## IV.     CONCLUSION

For the reasons stated above, I will deny the Petition. An appropriate Order accompanies this Opinion.

_/s/ Edward S. Kiel_
**EDWARD S. KIEL**
UNITED STATES DISTRICT JUDGE

Dated: October 22, 2024

5